IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

JO ANN GALVAN,

       Plaintiff,

v.    No. Civ. 09-791 LH/WDS

WALGREEN CO.,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court *sua sponte*, following its review of the Notice of Removal filed by Defendant Walgreen Co. on August 12, 2009. Defendant alleges that Plaintiff is a citizen of New Mexico, that Defendant is a citizen of a State other than New Mexico, that the amount in controversy exceeds $75,000, and that jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332 and § 1441.

The Federal Rules of Civil Procedure direct that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *Tuck v. United Services Automobile Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (quoting Fed. R. Civ. P. 12(h)(3)). If the parties thus do not raise the question of lack of jurisdiction, the court has a duty to determine the matter *sua sponte*. *Id.* A court lacking jurisdiction must dismiss the cause at any stage of the proceedings when it becomes apparent that jurisdiction is lacking. *Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). Because federal courts are courts of limited jurisdiction, the party invoking federal jurisdiction bears the burden of proof with a presumption against federal jurisdiction. *Id.*

The Constitution provides that the "judicial Power shall extend to . . . Controversies . . . between Citizens of different States." U.S. Const. art. III, § 2. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — citizens of different States." 28 U.S.C. § 1332(a). When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, *see* 28 U.S.C. § 1441(a), provided that no defendant "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The federal statute providing for the removal of cases from state to federal court, however, was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

The amount in controversy is generally determined by the allegations of the complaint, or if they are not dispositive, by the allegations in the notice of removal. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). When the amount in controversy is not apparent on the face of the complaint, a federal court must attempt to ascertain the amount in controversy by considering (1) plaintiff's cause of action as alleged in the complaint, (2) the notice of removal defendant filed with the federal court, and (3) other relevant materials in the record. *Varela v. Wal-Mart Stores, East, Inc.*, 86 F.Supp.2d 1109, 1111 (D. N.M. 2000) (Baldock, J., sitting by designation). "It would be an overreading of *Laughlin* to ignore the context of the case, as informed by the substance of the complaint or by other material in the record at the time of removal." *Hanna v. Miller*, 163 F.Supp.2d 1302, 1305 (D.N.M. 2001) (Kelly, J., sitting by designation). Courts may therefore consider "the substance and nature of the injuries and damages described in the pleadings, any

attorney affidavits filed prior to or in connection with the removal notice, a plaintiff's prior admission in open court that the value of the claim exceeds the jurisdictional amount, or even a plaintiff's refusal to stipulate or admit that he or she is not seeking damages in excess of the requisite amount." *Id.* at 1306.

The burden is on the party requesting removal to set forth in the notice of removal the underlying facts supporting the assertion that the amount in controversy exceeds $75,000. *Laughlin*, 50 F.3d at 873. There is a presumption against removal jurisdiction. *Id.* Uncertainties as to jurisdiction are resolved in favor of remand. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). When the plaintiff's damages are unspecified in the complaint, the defendant must affirmatively establish the jurisdictional amount by at least a preponderance of the evidence. *See id.* Punitive damages and attorney's fees should be considered in determining the amount in controversy. *See Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1217-18 (10th Cir. 2003). Costs and interest, however, are excluded. *See* 28 U.S.C. § 1332(a).

In this case, Plaintiff Galvan has alleged state claims for age, national origin, and sex discrimination in violation of the New Mexico Human Rights Act ("NMHRA"), as well as claims for breach of contract and breach of the implied covenant of good faith and fair dealing. She asserts that she has worked for Defendant since September 6, 1997, that Defendant wrongfully terminated her employment on February 28, 2007, and that at the time of her termination she worked as a Service Clerk. In her complaint, she seeks damages for lost wages and future earning capacity, retirement benefits, vacation and sick leave, fringe benefits, insurance, bonuses, pain and suffering, attorney's fees, as well as punitive damages. She does not, however, allege in her complaint a specific amount of damages nor does she provide any details as to her salary or hourly rate, the

amount of hours she worked, or for what period she seeks lost wages. It is therefore not clear from the face of the complaint that the amount in controversy exceeds $75,000. Consequently, the Court must turn to the Notice of Removal.

In the notice, Defendant does not provide any additional detail as to Plaintiff's salary and the value of her other benefits. Defendant also did not attempt to offset Plaintiff's damages. In determining Plaintiff's lost wages and benefits, the Court must consider Plaintiff's duty to mitigate her damages. In sum, Defendant has not demonstrated that Plaintiff's damages for lost wages and benefits exceed $75,000. *Cf. Juneau v. Intel Corp.*, No. Civ. 02-310 LH (D.N.M. Nov. 5, 2002), Memorandum Opinion and Order at 4-5 (holding that where plaintiff earned approximately $60,000 in wages and $17,000 in benefits at time of termination but plaintiff's wage information included significant over-time income and defendant provided court with no underlying facts to establish what loss of income would be, defendant failed to establish amount in controversy).

Instead, Defendant points out that Plaintiff seeks attorney's fees and punitive damages and asserts that damages in similar cases indicate that Plaintiff's verdict could easily exceed $75,000. These arguments, however, are insufficient to overcome the presumption against removal.

Reasonable attorney's fees may be awarded in the court's discretion to a prevailing complainant under the NMHRA. N.M.S.A. § 28-1-13(D). In addressing awards of attorney's fees under the NMHRA, New Mexico courts generally follow analogous principles in federal civil rights cases. *See Gonzales v. New Mexico Dept. of Health*, 2000-NMSC-029, ¶ 35, 129 N.M. 586. According to federal law, in awarding attorney's fees in federal civil rights cases under 42 U.S.C. § 1988, pro se litigants are not entitled to attorney's fees. *See Kay v. Ehrler*, 499 U.S. 432, 435 (1991); *Turman v. Tuttle*, 711 F.2d 148, 149 (10th Cir. 1983). As alleged in the complaint, Plaintiff is proceeding pro se, so at the time of the filing of the complaint, she would not be entitled to

4

attorney's fees. The Court therefore finds that Plaintiff's request for attorney's fees in her complaint does not establish the jurisdictional amount in controversy.

Although the Court must consider a punitive damages award, Defendant has not provided the Court with any underlying facts to show what the claimed amounts for punitive damages might be. Without any facts to establish what the compensatory damages award is likely to be, the Court will not presume that any additional punitive damages award will cause the value of the controversy to exceed the jurisdictional amount. *See Beaumont v. Fortis Benefits Ins. Co.*, 2008 WL 906186, *5 (N.D. Okla. Mar. 29, 2008) (unpublished opinion) ("The mere possibility that punitive damages could exceed the jurisdictional amount is not enough to meet the burden of establishing federal court jurisdiction.").

Finally, as to the comparative analysis of verdicts in other cases, the Court finds that this analysis likewise does not establish the requisite jurisdictional amount. Without more underlying facts from this case, the Court cannot conduct a meaningful economic analysis or comparison to other cases to determine by a preponderance of the evidence that the jurisdictional minimum has been met. *See id.* at *5-6 (remanding case based on defendants' failure to meet burden to show amount in controversy, even though defendants asserted that awards in similar cases had exceeded jurisdictional benchmark, where defendants did not undertake any economic analysis beyond conclusory allegations).

In sum, based on the record before it, the Court is unable to conclude that Plaintiff's employment-related injuries give rise to a claim of at least $75,000. Because Defendant's removal is based on speculation as to the amount of damages, rather than underlying facts of the minimum jurisdictional amount proven by a preponderance of the evidence, and given that uncertainties as to jurisdiction are resolved in favor of remand, the Court determines that this case should be remanded

5

for lack of subject matter jurisdiction.

      **IT IS THEREFORE ORDERED** that this case is **REMANDED** to the Second Judicial District Court for the State of New Mexico.

                                                      */s/ LeRoy Hansen*
                                     SENIOR UNITED STATES DISTRICT JUDGE